UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO GONZALEZ,<br><br>          Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | Civil No.:  15cv00400 JAH<br>Criminal No.: 10cr00253 JAH<br><br>**ORDER DENYING MOTION TO VACATE** |

Petitioner Alberto Gonzales, proceeding *pro se*, filed a motion challenging his conviction under 28 U.S.C. section 2255. Respondent filed a response. After a thorough review of the record and the parties' submissions, and for the reasons set forth below, this Court DENIES Petitioner's motion.

## BACKGROUND

On December 30, 2009, Petitioner was arrested and charged with importation of a controlled substance in violation of 21 U.S.C. sections 952 and 960. Petitioner signed a waiver of indictment and the United States Attorney filed an information on January 28, 2010. On February 25, 2010, Petitioner pled guilty to the information pursuant to a plea agreement.

In the plea agreement, the parties agreed to a base offense level of 38 or 34, if Defendant received an adjustment for role under section 3B1.2, -2 levels for safety valve,

1

if applicable, -2 levels for minor role, -3 levels for acceptance of responsibility, and -2 levels for Fast Track. The parties agreed the government would recommend Defendant be sentenced to the low end of the advisory guideline range as calculated by the government. Petitioner agreed to waive appeal and collateral attack in the plea agreement.

This Court sentenced Petitioner to 57 months imprisonment followed by five years of supervised release. Thereafter, Petitioner filed the instant motion seeking to vacate or modify his sentence.

## DISCUSSION

Petitioner moves to vacate or modify his sentence on the ground he was denied effective assistance of counsel.

**I.  Legal Standard**

A section 2255 motion may be brought to vacate, set aside or correct a federal sentence on the following grounds: (1) the sentence "was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

**II. Analysis**

Petitioner seeks to vacate his sentence for ineffective assistance of counsel. Respondent argues Petitioner waived appeal and collateral attack, and the waiver was knowing and voluntary.  Respondent further argues Petitioner procedurally defaulted his challenge to ineffective assistance of counsel, and his ineffective assistance of counsel claim is undercut by the record and unsupported by legal precedent.

**A.  Ineffective Assistance of Counsel**

Petitioner argues criminal defense counsel's failure to inform his client of immigration consequences of a guilty plea may be found ineffective and may provide a basis for vacating a conviction. He maintains he demonstrates both ineffective assistance of counsel and prejudice to support his motion to vacate. He attests his attorney did not

2

advise him of the immigration consequences of accepting the guilty plea and contends he would not have accepted the plea if he was aware of the consequences.

Respondent argues Petitioner was counseled multiple times by defense counsel that his plea would result in deportation and the record demonstrates Petitioner was aware he would be deported after his release from custody but still chose to plead guilty. Specifically, Respondent maintains counsel informed Petitioner deportation was "practically certain." Response at 18 (quoting Wassom Declaration, Respondent's Exh. 8 at 2). Additionally, Respondent contends Petitioner signed a plea agreement that included a stipulated removal provision and counsel advised Petitioner on the meaning of the stipulated removal provision and made it clear Petitioner would be removed after he completed his sentence. Respondent further contends counsel's sentencing memorandum, in which counsel argues Petitioner' legal status will be terminated and he will be unable to continue residing in the United States, demonstrates Petitioner was advised of his immigration consequences.

Respondent also argues Petitioner cannot demonstrate prejudice because he did not dispute the provisions in which he stipulated to removal and clearly articulated his understanding the plea would result in deportation in court and never once raised objection, concern, or confusion over the effect of the guilty plea.

The Sixth Amendment to the Constitution provides that every criminal defendant has the right to effective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court articulated the test for determining whether a criminal defendant's counsel rendered constitutionally ineffective assistance. To sustain a claim of ineffective assistance, a petitioner has the burden of showing (1) that his or her defense counsel's performance was deficient, and (2) that the deficient performance prejudiced his or her defense. Id. at 690-92; Hendricks v. Calderon, 70 F.3d 1032, 1036 (9th Cir. 1995). Petitioner must prove both elements. The court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial. Strickland, 466 U.S. at 697.

The Strickland test applies to federal collateral proceedings. <u>Id</u>. at 697. Furthermore, the Ninth Circuit has applied the Strickland standard to claims of ineffective assistance of counsel during plea negotiations. <u>Washington v. Lampert</u>, 422 F.3d 864, 871-72 (9th Cir. 2005).

To satisfy the deficient performance prong of the Strickland test, a petitioner must show that his counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases." <u>Hill v. Lockhart</u>, 474 U.S. 52, 56 (1985). In considering this issue, there is a "strong presumption that counsel's conduct falls within a wide range of acceptable professional assistance." Strickland, 466 U.S. at 689.

Effective assistance of counsel requires an attorney to inform his client if a guilty plea carries a risk of deportation. See <u>Padilla v. Kentucky</u>, 559 U.S. 356 (2010). The record demonstrates Petitioner was informed his guilty plea would most likely result in deportation. The plea agreement signed by Petitioner includes a stipulated removal provision in which he agrees to an order of removal from the United States. Plea Agreement at 10 (Doc. No. 13). Counsel attests that he informed Petitioner that upon conviction, deportation or removal was a practical certainty and he reviewed every provision of the plea agreement with Petitioner, including the "stipulated removal" provision. Wasson Decl. ¶¶ 8, 14 (Doc. No. 44). During the change of plea hearing, the Honorable Ruben B. Brooks, United States Magistrate Judge, informed Petitioner he was likely to be deported and asked if Petitioner understood, to which he replied "yes." Transcript at 7:10-17, Respondent's Exh. 4 (Doc. No. 47-4). Petitioner was clearly informed about the immigration consequences of his guilty plea in compliance with the holding of <u>Padilla</u>.

Accordingly, Petitioner fails to demonstrate ineffective assistance of counsel.

**B. Waiver**

Petitioner waived his right to appeal or collaterally attack his judgment and sentence. See Plea Agreement at 10. A knowing and voluntary waiver of a statutory right is enforceable. <u>United States v. Navarro-Botello</u>, 912 F.2d 318, 321 (9th Cir. 1990). The

right to collaterally attack a sentence pursuant to 28 U.S.C. section 2255 is statutory in nature, and a defendant may, therefore, waive the right to file a section 2255 petition. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that, by entering the plea agreement whereby defendant waived right to appeal his sentence, defendant relinquished right to directly or collaterally attack his sentence on the ground of newly discovered exculpatory evidence).

The scope of a section 2255 waiver may be subject to potential limitations. For example, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Federal Rule of Criminal Procedure 11 to ensure that the waiver was knowingly and voluntarily made. See Navarro-Botello, 912 F.2d at 321. Such a waiver might also be ineffective where the sentence imposed is not in accordance with the negotiated agreement or violates the law. See Id.; United States v. Littlefield, 105 F.3d 527, 528 (9th Cir. 1997). Additionally, a waiver may be "unenforceable" and may not "categorically foreclose" a defendant from bringing section 2255 proceedings where a petitioner claims ineffective assistance of counsel challenging the voluntariness of his plea. Lampert, 422 F.3d at 871; Abarca, 985 F.2d at 1014; see also United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).

The record demonstrates Petitioner's waiver was made knowingly and voluntarily. In the plea agreement, Petitioner agreed to the government recommending a sentence on the low end of the guideline range as calculated by the government. See Plea Agreement at 10. Defendant also certified that he read the agreement and fully understood its mean and effect. Id. at 14. Additionally, at the change of plea hearing, Judge Brooks questioned Petitioner about the voluntariness of his guilty plea. Specifically, Judge Brooks asked Petitioner if he went over the agreement with his lawyer and understood the provisions including the section entitled "waiver of appeal and collateral attack" and asked counsel if he thoroughly discussed the waiver provision. Change of Plea Transcript 89:22-10:18. Both Petitioner and counsel responded affirmatively. Additionally, as discussed above, Petitioner fails to demonstrate his attorney was ineffective. As such, Petitioner fails to

5

15cv00400 JAH
Criminal No.: 10cr00253 JAH

demonstrate his guilty plea was not made knowingly and voluntarily, and his waiver is enforceable and forecloses his collateral attack.

**C. Procedural Default**

Because the Court finds Petitioner has waived collateral attack, it will not discuss Respondent's argument regarding procedural default.

**D. Hearing**

Respondent maintains Petitioner's claim does not merit a hearing. This Court finds the record conclusively establishes Petitioner is not entitled to relief. Accordingly, there is no basis for an evidentiary hearing. See 28 U.S.C. § 2255(b).

**III. Certificate of Appealability**

Pursuant to Rule 11 of the Rules following 28 U.S.C. section 2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in Section 2255 cases such as this. A habeas petitioner may not appeal the denial of a Section 2255 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1025-26 (9th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473 (2000); Barefoot v. Estelle, 463 U.S. 880 (1983)).

Based on this Court's review of the record, this Court finds no issues are debatable among jurists of reason and no issues could be resolved in a different manner. This Court further finds that no questions are adequate to deserve encouragement to proceed further. Therefore, Petitioner is not entitled to a certificate of appealability.

//

# CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Petitioner's motion to vacate, set aside or correct his sentence is **DENIED**; and

2. Petitioner is **DENIED** a certificate of appealability.

Dated: March 15, 2018

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE